## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO



LUZ M. FELICIANO GONZALEZ, et al.,
     v.
LUIS PEREZ REILLO, et al.

CASE NUMBER: 98-1474(DRD)

### ORDER

At a Settlement Conference on December 10, 1999, the Defendants had made an offer which the Plaintiffs were to evaluate. (Docket No. 31). On January 21, 2000, the Plaintiffs made a counter-offer. (Docket No. 32). Defendants informed the Court on February 9, 2000 that the Defendants' counter-offer was unacceptable. (Docket No. 33). Again, on February 3, 2000, the parties advised the Court of the strong possibility of settlement and requested an extension time for the Settlement Conference. (Docket No. 34). The Court held another Settlement Conference on February 11, 2000, wherein the parties advised the Court that the case could not be settled. (Docket No. 35). However, since then, the parties have informed the Court through various teleconferences that the parties have in fact reached settlement. The parties have consistently advised the Court over the preceding two months that a settlement has been reached in this case and thereby, caused the Court not to set deadlines and to delay other case management procedures (e.g., setting a trial date).

Today, the parties reaffirmed to the Court, via teleconference, that they have reached a full, final and complete settlement of this case and that a settlement agreement shall be filed within thirty (30) days. However, the parties requested, seeing no reason for delay, pursuant Rule 41(a)(1)(ii) that the Court to dismiss this case with prejudice, and without imposition of costs and attorney's fees because a full settlement has been reached. Therefore, pursuant to FED. R. CIV. P. 41(a)(1)(ii) and the parties' request, the Court **DISMISSES** this case **WITH PREJUDICE** and without imposition of costs and attorney's fees. Judgment shall be entered accordingly. The parties may later request that the Judgment be amended if necessary after the settlement documents have been filed.

Should a settlement agreement not be filed with the Court by May 1, 2000 at 5:00 p.m. the Court shall regrettably convene a **Contempt Hearing on May 1, 2000 at 5:00 p.m.** for the parties to show cause why the Court should not impose severe sanctions, including civil contempt, on the parties for playing "fast and loose" with the Court. See Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1122 (1st Cir. 1989) ("Appellant chose to play fast and loose with Mobil and with the district court. He was caught out. The judge considered the relevant factors and acted well within his discretion: appellant's brazen conduct merited so extreme a sanction; Mobil, having undergone extra trouble and expense, had a legitimate claim to dismissal; and the

court, jealous of its integrity and concerned about deterrence, was entitled to send a message, loud and clear."); Polansky v. CNA Ins. Co., 852 F.2d 626, 632 (1st Cir. 1988) ("In closing, we remind counsel that we do not view favorably any attempt 'to play fast and loose' with our judicial system."); see also Acadia v. Ford Motors Inc., 44 F.3d 1050, 1058 n.11 (1st Cir. 1995) (Court did "not appreciate such fast-and-loose use of [intentional citation of erroneous] case law."); Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993) (Although employed in the context of judicial estoppel this Court believes the following applicable: "It is a generally recognized proposition that one cannot play 'fast and loose with the courts.'"); United States v. Flores, 968 F.2d 1366, 1371 n. 5 (1st Cir. 1992) (Government "playing fast and loose" on appeal.).

IT IS SO ORDERED.

Date: March 31, 2000

P \PEACHORD ERS\98-1474 DIS

DANIEL R. DOMINGUEZ
U.S. District Judge